*Formatted for Electronic Distribution*                                    *For Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

In re:

      **Christopher B. Warner and**               **Chapter 13 Case**
      **Ruth E. Warner,**                      **# 10-11089**
          **Debtors.**

_____

**Christopher B. Warner and**
**Ruth E. Warner,**
          **Plaintiffs,**

      **v.**                             **Adversary Proceeding**

**CitiFinancial, Inc.,**                       **# 10-1043**
          **Defendant.**

_____

*Filed & Entered*
*On Docket*
*March 4, 2011*

*Appearances*:  *Michelle M. Kainen, Esq.*             *Andrew S. Cannella, Esq.*
              *White River Junction, VT*            *Farmington, CT*
              *Attorney for Plaintiffs*              *Attorney for Defendant*

## MEMORANDUM OF DECISION
### GRANTING DEFENDANT CITIFINANCIAL, INC.'S
### MOTION TO DISMISS ADVERSARY PROCEEDING PURSUANT TO FED. R. BANKR. P. 7012(b)(6)

On October 18, 2010, Christopher B. Warner and Ruth E. Warner (the "Plaintiffs") filed a complaint (doc. # 1) to commence the instant adversary proceeding against CitiFinancial, Inc. (the "Defendant") under 11 U.S.C. § 522 and 27 V.S.A. § 141, challenging the nature and validity of a mortgage in favor of the Defendant.  On January 11, 2011, the Defendant filed a motion to dismiss pursuant to Fed. R. Bankr. P. 7012(b)(6) (doc. # 8) (the "Motion") and a memorandum in support of the motion (doc. # 9) relying upon 27 V.S.A. § 348.  The Plaintiffs filed an Objection to the Defendant's Motion (doc. # 10).

The pertinent facts are undisputed and the analysis turns on the Court's interpretation of the relevant statute, 27 V.S.A. § 348. For the reasons set forth below, the Court finds the Defendant's analysis of the pertinent statute to be sound and grants the Defendant's motion to dismiss.

### JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(K).

## THE UNDISPUTED FACTS

On March 29, 2005, the Plaintiffs executed a mortgage in favor of the Defendant encumbering property located at 458 Tigertown Road, West Hartford, Vermont; it was recorded in the Town of Hartford, Vermont Land Records on April 1, 2005 (doc. # 1, ¶¶ 9, 12, & Ex. 2; doc. # 8, ¶ 1).  The Plaintiffs were married at the time of execution of the mortgage (doc. # 1, ¶ 10).  Plaintiff Christopher B. Warner was listed as the borrower on the mortgage (doc. 1, ¶ 11, Ex. 2).  The mortgage was signed by both Plaintiffs, Mr. and Mrs. Warner; however, the mortgage was acknowledged only by Mr. Warner (doc. # 1, ¶ 13, Ex. 2; doc. # 8 ¶ 2).  The Plaintiffs' complaint alleges that because Mrs. Warner's signature on the mortgage is not acknowledged, the mortgage to the Defendant is void pursuant to 27 V.S.A. § 141.  The Defendant, relying upon 27 V.S.A. § 348, counters that the statute provided the Plaintiffs three years to challenge the validity of the mortgage, the Plaintiffs failed to challenge the validity of the mortgage within the three-year period, and the Plaintiffs filed the instant adversary proceeding outside of that time limit.  The Plaintiffs respond that a different provision of 27 V.S.A. § 348 provides a fifteen-year window in which to challenge the validity of a mortgage with a missing acknowledgment, fifteen years have not elapsed since the purported mortgage, and, therefore, their challenge to the validity of the mortgage is timely.

## THE ISSUE PRESENTED

The issue before the Court is whether the Plaintiffs had a three-year or a fifteen-year window in which to challenge the validity of the mortgage under 27 V.S.A. § 348 based upon the lack of a spouse's acknowledgment as required by 27 V.S.A. § 141.

## DISCUSSION

The operative sections of the relevant statutes describe the requirements for proper execution, acknowledgement, and conveyance:

> (a) A homestead or an interest therein shall not be conveyed by the owner thereof, if married, except by way of mortgage for the purchase money thereof given at the time of such purchase, unless the wife or husband joins in the execution and acknowledgement of such conveyance.  A conveyance thereof, or of an interest therein, not so made and acknowledged, shall be inoperative so far only as relates to the homestead provided for in this chapter.

27 V.S.A. § 141(a) (emphasis added).[1]  Under § 141(a), absent circumstance not present here, unless both a husband and a wife join in the execution and acknowledgment of a conveyance of a homestead interest, such conveyance is inoperative. See Jakab et al v. Cendant Mtge. Corp. (In re Jakab), 293 B.R. 621, 624-25 (Bankr. D. Vt. 2003).  Thus, under the instant facts and the mandates of § 141, the subject

---

[1] All statutory citations herein refer to Title 27 of Vermont Statutes Annotated (27 V.S.A.), unless otherwise indicated.

2

mortgage would be invalid as Ruth Warner did not join her husband in acknowledgement of the conveyance.

However, the Vermont legislature has enacted a curative provision under which invalid or defective recorded instruments may become valid due to the passage of time. As to the curative effect of the passage of time on a defective instrument, it provided:

> (a) When an instrument of writing shall have been on record in the office of the clerk in the proper town for a period of 15 years, and there is a <u>defect in the instrument because it</u> omitted to state any consideration therefor <u>or was not</u> sealed, witnessed, <u>acknowledged, validly acknowledged</u>, or because a license to sell was not issued or is defective, the instrument shall, from and after the expiration of 15 years from the filing thereof for record, be valid. * * *

> (b) <u>Notwithstanding subsection (a) of this section</u>, any deed, <u>mortgage</u>, lease power of attorney, release, discharge, assignment, or other instrument made for the purpose of conveying, leasing, mortgaging, or affecting any interest in real property which contains any one or more of the following errors is valid unless, within three years after the instrument is recorded, an action challenging its validity is commenced, and a copy of the complaint is recorded in the land records of the town where the instrument is recorded:

> (1)   The instrument contains a <u>defective acknowledgment</u>.

27 V.S.A. § 348(a) and (b)(1) (emphasis added).

The Plaintiffs assert that the plain meaning of the statute resolves the timeliness issue before the Court. This is a fundamental canon of statutory construction well-recognized by the Vermont Supreme Court. The Vermont Supreme Court has stated that the "paramount goal in statutory construction is to give effect to the intent of the legislature." <u>Gallipo v. City of Rutland</u>, 173 Vt. 223, 235, 789 A.2d 942, 951 (Vt. 2001). Another "goal is also to harmonize statutes and not find conflict if possible." <u>Id.</u> When relying upon the canons of statutory construction to achieve these stated goals, the starting place is "with the plain meaning of the words used in the statute." <u>Smith v. Desautels</u>, 2008 VT 17, ¶ 18, 183 Vt. 255, 262-63, 953 A.2d 620, 624-25 (Vt. 2008). Additionally, the court will consider other "general rules of statutory construction [requiring] that a specific statute governs over a more general one, and that a statute enacted later in time generally governs over an earlier statute." <u>Hartford Board of Library Trustees v. Town of Hartford</u>, 174 Vt. 598, 599 816 A.2d 512, 515 (Vt. 2002) (citations omitted). "In determining legislative intent, [the court] 'look[s] beyond the language of a particular section, standing alone, to the whole statute, the subject matter, its effects and consequences, and the reason and spirit of the law.'" <u>In re Wal-Mart Stores, Inc.</u>, 167 Vt. 75, 84, 702 A.2d 397, 403 (Vt. 1997) (citation omitted).

3

This Court begins its analysis by looking to the language of the statute, and considers the plain meaning of the words used to make a determination of the intent of the legislature.  Under § 348(a), the legislature set forth a scheme under which a defective recorded instrument of writing would become valid.  If "there is a defect in the instrument because it omitted to state any consideration therefor or was not sealed, witnessed, acknowledged, validly acknowledged, or because a license to sell was not issued or is defective . . ." the instrument shall be valid, if not challenged due to the list of potential defects, within 15 years from the filing thereof for record.  Under this provision, the plain meaning of the language used in the statute conveys that a written instrument has a "defect," for purposes of this statute, if it was not acknowledged or was not validly acknowledged.

In 2007, the Vermont legislature added subsections (b)-(d) to § 348.  Under § 348(b), the legislature specifically addressed instruments "made for the purpose of conveying, leasing, mortgaging, or affecting any interest in real property . . ."  This new provision provided for a much shorter (three-year) window in which a party could challenge the validity of such an instrument affecting an interest in real property.  Included in the list of deficiencies that could give rise to a challenge of an instrument affecting an interest in real property is a claim that "[t]he instrument contains a defective acknowledgment."  § 348(b)(1).

The Court finds § 348(a) and (b)(1) to be harmonious.  Under § 348(a), the legislature decreed that any defective  written instrument became valid if not challenged within fifteen years, and described the defects that triggered application of the statute to include the lack of an acknowledgement and the lack of a valid acknowledgement. When the legislature added § 348(b), it created a much shorter window within which one must challenge a defective written instrument if the instrument affects an interest in real property.  Of significance to the instant dispute is the fact that the legislature specifically included in this provision mortgages with defective acknowledgements.  Considering the statute as a whole, the Court concludes that a reasonable and straightforward reading of the statute leads to the conclusion that the term "defective acknowledgment" in § 348(b) includes the defects listed in § 348(a).

The Plaintiffs do not suggest a reasonable alternative reading or meaning requiring § 348(b)'s "defective acknowledgment" to be read separate from the defects listed in § 348(a), and neither can the Court conceive one.  Under the Plaintiffs' reading of § 348, it is not apparent what the legislature meant by "defective acknowledgment" if the defects mentioned in § 348(a) are not captured within § 348(b)(1).  The Plaintiffs assert that § 348(b)'s "defective acknowledgment" does not include § 348(a)'s missing acknowledgment, but they do not mention the other defect stated in § 348(a), an acknowledgment that was not "validly acknowledged."  If "defective acknowledgment" does not include these defects, the Court would be forced to look outside § 348 to determine what constitutes a "defective

acknowledgment," as this term is not further defined in § 348 outside of the apparent definition found in § 348(a). Contrary to the Plaintiffs' assertion, a "defective acknowledgment" under § 348(b) includes both missing and invalid acknowledgments.

Furthermore, the Vermont legislature began § 348(b) with the clause "[n]otwithstanding subsection (a) . . . ." This notwithstanding clause indicates the legislature's intent to carve out from the general provision affecting written documents a different rule with respect to that subset of written instruments that affect an interest in real property. See Cisneros v. Alpine Ridge Group, 508 U.S. 10, 18, 113 S.Ct. 1898, 1903 (1993) ("[a]s we have noted previously in construing statutes, the use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section."). The Plaintiffs' argument fails to appreciate the import of the notwithstanding clause, instead arguing that both § 348(a) and (b) could apply to mortgages, depending on the type of defect. However, the Court interprets the notwithstanding clause to mean the legislature intended to shorten the window in which a challenge could be brought against written documents affecting an interest in real property, perhaps in an effort to provide earlier certainty and finality to written documents affecting title to real property. The Plaintiffs' reading of the statute would defeat this purpose by providing finality after three years only for certain defects, while permitting challenges to be raised for up to fifteen years with regard to other defects. The Court rejects this reading.

In sum, although the Plaintiffs' complaint accurately alleges that the subject mortgage does not meet the acknowledgement requirements for a mortgage on a homestead property owned jointly by a husband and wife , see 27 V.S.A. § 141, it fails to set forth grounds for relief in that this defect has been cured by the passage of time under § 348. Since the written instrument in question affects real property and has a "defective acknowledgment," it falls squarely under § 348(b) and automatically became valid three years after it was recorded.

CONCLUSION

The Court concludes that, in enacting § 348(b)(1), the Vermont legislature intended to allow properly recorded, written instruments affecting real property that were defective, due, inter alia, to a missing acknowledgment or an invalid acknowledgment, to become valid instruments if not challenged within three years. More than three years passed between the date the subject mortgage was recorded and the date the Plaintiffs initiated a legal challenge to it. Accordingly, under § 348(b)(1), the subject mortgage is valid, notwithstanding the lack of a statutorily required acknowledgement.

Accordingly, the Defendant's motion to dismiss is granted.

March 3, 2011
Burlington, Vermont

Colleen A. Brown
United States Bankruptcy Judge